**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| LORI AXELROD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 9:17-cv-80098 |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, LORI AXELROD, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of OCWEN LOAN SERVICING, LLC ("Defendant"), as detailed as follows.

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").
2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

**JURISDICTION AND VENUE**

3. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.
4. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).
5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy."

6. Defendant conducts business in Boca Raton, Palm Beach County, Florida.
7. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

8. Plaintiff is a resident of Boca Raton, Palm Beach County, Florida.
9. Defendant is based in West Palm Beach, Florida.

**FACTUAL ALLEGATIONS**

10. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone number ###-###-5782 to collect on Plaintiff's alleged debt.
11. Within two (2) years of Plaintiff filing this Complaint, Defendant called Plaintiff's home telephone number ###-###-8978 to collect on Plaintiff's alleged debt.
12. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.
13. None of the calls Defendant made to Plaintiff were for an emergency purpose.
14. Within the past four (4) years, Plaintiff has requested numerous times for the Defendant to stop calling Plaintiff's cellular telephone numbers.
15. Within the past two (2) years, Plaintiff has requested numerous times for the Defendant to stop calling Plaintiff's home telephone number.
16. Despite Plaintiff's requests that Defendant stop calling Plaintiff's cellular and home telephones, Defendant continued to call Plaintiff's cellular and home telephones.
17. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular

telephone number.

18. All of the calls Defendant made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.
19. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.
20. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's home telephone.
21. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.
22. Defendant continued to call Plaintiff's cellular and home telephones after Defendant knew Plaintiff wanted the calls to stop.
23. Within four (4) years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.
24. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.
25. Within four (4) years of Plaintiff filing this Complaint, Defendant left prerecorded voicemail messages for Plaintiff on Plaintiff's cellular and home telephones.
26. The telephone dialer system Defendant used to call Plaintiff's cellular telephones has the capacity to store telephone numbers.
27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.
28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

33. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

**COUNT I:**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

34. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, LORI AXELROD, respectfully requests judgment be entered against Defendant, OCWEN LOAN SERVICING, LLC, for the following:

35. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00,

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

38. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

39. Plaintiff repeats and re-alleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Defendant violated the FCCPA based on the following:

    a. Defendant violated the § 559.72(7) of the FCCPA by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family when Defendant attempted to collect a debt from Plaintiff with a barrage of robocalls and even continued to do so after Plaintiff repeatedly requested for Defendant to stop calling her.

WHEREFORE, Plaintiff, LORI AXELROD, respectfully requests judgment be entered against Defendant, OCWEN LOAN SERVICING, LLC, for the following:

41. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

42. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

43. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

44. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

January 27, 2017

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, PLLC
Florida Bar No. 0882461
1770 Indian Trail Road, Suite 175
Norcross, GA 30093
Tel: 678–395-7795
Cell: 678-960-9030
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com